IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DETROIT MEMORIAL PARTNERS, LLC, et al,<br><br>Defendants. | 1:13-cv-1817-WSD |

## OPINION AND ORDER

This matter is before the Court on Detroit Memorial Partner, LLC's Motion for Contempt Against Non-parties Tarek M. Baydoun, Jeffrey R. Hicks, The Meridian Law Group, Abdul K. Charara, and Waad Charara (the "Contempt Motion") [126] and Non-parties Request for Additional Time to Respond to Detroit Memorial Partners, LLC's Motion for Contempt Against Non-parties Tarek M. Baydoun, Jeffrey R. Hicks, The Meridian Law Group, Abdul K. Charara, and Waad Charara [129].[1]

---

[1]   The Receiver also filed his Unopposed Motion to File Redacted Documents [118]. The motion is unopposed and thus it is granted.

## I.  BACKGROUND

This is a motion seeking sanctions against Tarek M. Baydoun, Jeffrey R. Hicks, The Meridian Law Group, Abdul K. Charara, and Waad Charara (the "Respondents") for violating this Court's Order Appointing Receiver (the "Appointment Order").  In the Appointment Order the Court appointed Jason Alloy as the Receiver for Detroit Memorial Partners, LLC ("Detroit Memorial").  The Court also barred any present or future litigation against Detroit Memorial Partners, LLC and against Detroit Memorial's past and present officers, directors, and agents.

The Respondents, on or about July 31, 2015, filed an action in Michigan State Court against Detroit Memorial, and two of its principals—David Shipper and Mark Morrow (the "Michigan Action").   Before the Michigan Action was filed, the Receiver provided Respondent Baydoun with a copy of the Appointment Order.  Baydoun acknowledged he read the Order and represented he would first seek leave of the Receiver before the Michigan Action was filed.  The Receiver advised Baydoun that should he request consent to file the action, he would not consent to it.  He told Baydoun:  "If you or anyone else violates the Court order, we will move for contempt."  Contempt Motion, Ex. B [126.2] at 4.  Despite this

warning, the Michigan Action was filed. The Receiver promptly filed the Contempt Motion.

On August 28, 2015, the Respondents moved for additional time to respond to the Contempt Motion. As of the date of this Order, none of the Respondents have filed a response.

## II. DISCUSSION

To establish civil contempt, a movant must show by clear and convincing evidence that: (1) the order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply. Ga. Power Co. v. NLRB, 484 F.3d 1288, 1291 (11th Cir. 2007); Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1296 (11th Cir. 2002). The movant bears the initial burden of producing evidence that establishes "by clear and convincing evidence that the alleged contemnor violated the court's earlier order." United States v. Roberts, 858 F.2d 698, 700-01 (11th Cir. 1988). The burden then "shifts to the alleged contemnor to produce detailed evidence specifically explaining why he cannot comply." Id. at 701. To satisfy this burden, a contemnor cannot merely assert an inability to comply, but must show that it has made "'in good faith all reasonable efforts to comply.'" Id. (quoting United States v. Rizzo, 539 F.2d 458, 465 (5th

Cir. 1976)). An order of civil contempt may be issued to coerce the defendant into compliance and compensate the complainant for losses suffered. Mercer v. Mitchell, 908 F.2d 763, 768 n.8 (11th Cir. 1990) (citing United States v. United Mine Workers, 330 U.S. 258, 303-04 (1947)).

Under the circumstances here, and before deciding whether contempt sanctions will be imposed and, if so, upon whom, the Court concludes that a hearing is required. At the hearing, the Receiver is required to present clear and convincing evidence that Respondents violated the Appointment Order. If the Receiver meets this burden, each of the Respondents shall show cause why they should not be held in contempt and, if found in contempt, why a contempt sanction should not be imposed.

### III. CONCLUSION

For the reasons stated in this Order,

**IT IS HEREBY ORDERED** that Respondents Tarek M. Baydoun, Jeffrey R. Hicks, The Meridian Law Group, Abdul K. Charara, and Waad Charara shall appear at a hearing to be conducted on January 4, 2016, at 2:00 pm in Courtroom 1705, United States Courthouse, Richard Russell Building, 75 Ted Turner Drive, Atlanta, Georgia. At the hearing, the Receiver shall present clear and convincing evidence to show Respondents violated the Appointment Order. If the Receiver

satisfies this burden, each Respondent shall show cause what they should not be held in contempt of the Appointment Order and, if found in contempt, why a contempt sanction should not be imposed.

**IT IS FURTHER ORDERED** that the Receiver's Unopposed Motion to File Redacted Documents [118] is **GRANTED**.

**SO ORDERED** this 2nd day of December, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE