IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

v.

DETROIT MEMORIAL
PARTNERS, LLC, et al,

        Defendants.

1:13-cv-1817-WSD

## OPINION AND ORDER

This matter is before the Court on Receiver's Application for Payment of Attorneys' Fees and Expenses Related to Motion to Contempt Against Non-Parties (the "Application"). ([152]).

## I. BACKGROUND

The Application was filed pursuant to the Court's Opinion and Order dated February 11, 2016 (the "Contempt Order"). ([150]). For the reasons cited by the Court in the Contempt Order, the Court found that Tarek M. Baydoun was the only non-party who was in contempt of the Court's November 22, 2013, Order appointing the Receiver. ([51]). The Court found that Mr. Baydoun personally decided to engage in the contemptuous conduct upon which the Contempt Order

was based and that he alone engaged in the conduct that constituted the contempt. Having found Mr. Baydoun in contempt, the Court determined that "the Receiver is entitled to an award of attorneys' fees that [the Receiver] would not otherwise have incurred in this action but for Mr. Baydoun's contempt." (Contempt Ord. at 27). The Contempt Order required the Receiver to "detail the attorneys' fees [the Receiver] incurred to respond to Mr. Baydoun's communications and to prosecute his Contempt Motion." (Id.).

## II. APPLICATION REVIEW

### A. Review Standard

An "award of attorney fees to the injured party in a civil contempt case is within the district court's discretion." Sizzler Family Steak Houses v. W. Sizzlin Steak House, Inc., 793 F.2d 1529, 1534 (11th Cir. 1986). Where, as here, the purpose of the sanction is compensatory, the fine imposed must be "based upon evidence of [the fee applicant's] actual loss." McGregor v. Chierico, 206 F.3d 1378, 1385 n.5 (11th Cir. 2000) (quoting United States v. United Mine Workers of Am., 330 U.S. 258, 304 (1947)). Recovery of "attorneys' fees in a civil contempt proceeding are limited to those reasonably and necessarily incurred in the attempt to enforce compliance." Abbott Labs. v. Unlimited Beverages, Inc., 218 F.3d

2

1238, 1242 (11th Cir. 2000) (citing Rickard v. Auto Publisher, Inc., 735 F.2d 450, 458 (11th Cir. 1984)).

In evaluating the reasonableness of attorneys' fees, district courts often employ the lodestar method.  See In re Trinity Indus., Inc., 876 F.2d 1485 (11th Cir. 1989).  The lodestar figure is calculated by "multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate."  Id. at 1495.  The burden falls on the fee applicant to "document[] the appropriate hours and hourly rates" and to provide "the court with specific and detailed evidence from which the court can determine the reasonable hourly rate."  Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).

In evaluating a claim for attorney fees, the Court, itself being an expert on these questions, "may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment."  Id. (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)); see also In re Holywell Corp., 967 F.2d 568, 571 (11th Cir. 1992) ("Under Norman, resolution of issues regarding hourly rates and total hours billed are generally within the trial court's discretion.").  It is within the Court's discretion to adjust the lodestar result "upward or downward, depending on the degree of success obtained."  Trinity Indus., 876 F.2d at 1495 (citing Norman, 836 F.2d at 1302).  For partial or limited

success, the Court must reduce the lodestar to an amount that is not excessive. Norman, 836 F.2d at 1302 (citing Hensley, 461 U.S. at 436–37).

While "[s]anctions for civil contempt are not equivalent with typical payment of attorneys' fees, and civil contempt sanctions do not require the use of the lodestar method," see Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Olympia Holding Corp., 140 F. App'x 860, 864 (11th Cir. 2005), the Court finds the lodestar analytical method useful in evaluating a reasonable fee award

    B.    Analysis

The Receiver submitted with the Application a detailed list, by timekeeper, of the specific services performed by each timekeeper "in responding to Tarek Baydoun's Communications and prosecuting [the Receiver's] motion for contempt" (the "Services List"). ([152-1]). The Receiver requests attorneys' fees in the amount of $32,208.91. The Court has, over the course of the receivership, reviewed the billing rates for the timekeepers who are providing services on this matter and has determined that the hourly rates charged are reasonable in the Atlanta market for legal services for the type of services rendered on this matter. The Court thus focuses its review on the specific services provided and their reasonableness in light of the legal services required to be provided to assert and prosecute the motion for contempt. In doing so, the Court has considered

Non Party [sic] Tarek Baydoun's Objection to Receiver's Application for Payment of Attorney Fees Related to Motion for Contempt Against Non-Parties. ([156]).

The Court first notes that some portion of the Receiver's review of Mr. Baydoun's communications, and the Receiver's legal research and the prosecution of the contempt motion, concerned non-parties in addition to Mr. Baydoun. A review of the Services List shows that a portion, albeit small, of the attorneys' fees claimed are for asserting the contempt action against persons against whom the motion was unsuccessful. It is difficult to estimate specifically the fees incurred to assert the action against nonparties other than Mr. Baydoun. The Court, however, concludes a ten percent (10%) reduction of the total fees is reasonable, and adjusts, by this percentage, the fees claimed for the work performed to bring and prosecute the action against the nonparties not found in contempt. See Trinity Indus., 876 F.2d at 1495; Norman v. Hous. Auth. Of City of Montgomery, 836 F.2d at 1302. The total amount of the reduction is $3,220.09.

The Court next evaluated the description of each of the services performed, the timekeeper who performed the services, when the services were performed and the length of time recorded for performing each service. This evaluation identified several services entries that require adjustment. They are listed below.

1.  Time entry dated August 18, 2015, by JA:  These services record time to respond to a letter about the motion to compel.  The response took a senior lawyer three hours to draft.  The Court finds unreasonable the length of the time to draft, when the emailed content and length of the letter is considered, and considering that the letter was drafted by a senior litigator with one of the highest hourly billing rates.  The Court reduces this time entry by $500.

2.  Time entries dated December 3 and 4, 2015, by MP and JA:  The Court finds the time incurred to draft the motion to reset the hearing and to discuss it with the Receiver is not reasonable considering the nature of the pleading to be drafted and its content.  The Court reduces these time entries by $400.

3.  Time entries dated December 30 through January 4, 2016:  These entries relate to preparation for the hearing.  The Receiver did not intend to present any witnesses at the hearing and only one defense witness, Mr. Baydoun, testified at it.  The Receiver and two lawyers attended the hearing, which lasted only 2 hours and 27 minutes.  The amount of preparation time (27.3 hours billed by four timekeepers) and the attendance of three timekeepers billing an aggregate of 17.7 hours to further prepare for and attend the hearing is not reasonable considering the short and straightforward nature of the hearing.  The Court concludes that the

preparation and hearing attendance time which totals 45 hours, billed at an aggregate of $14,628.50, should be reduced by $2,925.70.

Having conducted its lodestar review and the reasonableness of the time billed to perform the legal services on the motion for contempt, the Court determines the amount of attorneys' fees should be reduced by $7,046.59 for a total fee award of $25,162.32.  Accordingly,

**IT IS HEREBY ORDERED** that Mr. Baydoun shall pay to the Receiver, as a civil contempt sanction, attorneys' fees in the amount of $25,162.32.

**SO ORDERED** this 21st day of March, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE