IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DETROIT MEMORIAL PARTNERS, LLC and MARK MORROW,<br><br>　　　　　Defendants, | 1:13-cv-1817-WSD |

**OPINION AND ORDER**

This matter is before the Court on Defendant Mark Morrow's ("Defendant") Motion to Stay Proceedings Pending Outcome of Criminal Case [190] ("Motion to Stay").

**I.　BACKGROUND**

On May 30, 2013, Plaintiff Securities and Exchange Commission (the "SEC") filed its Complaint [1], alleging that Defendants Detroit Memorial Partners, LLC ("DMP") and Mark Morrow ("Morrow") (collectively, "Defendants") engaged in securities fraud. On November 22, 2013, the Court froze Defendants' assets and appointed Jason S. Alloy as DMP's receiver (the "Receiver"). ([51]; [52]). On December 15, 2015, a grand jury, in this district,

"indicted Defendant Morrow for essentially the same misconduct that was alleged in the Complaint."  ([193] at 3); see U.S. v. Alleca, et al., No. 1:15-cr-458 (N.D. Ga.) ("U.S. v. Alleca").  On November 10, 2016, the Court authorized the Receiver to distribute receivership assets to the claimants.  ([185]).

On December 21, 2016, the SEC filed its Motion for Summary Judgment, a Permanent Injunction and Monetary Relief against Defendant Mark Morrow [189] ("Motion for Summary Judgment").  On January 10, 2017, a day before the deadline for responding to the SEC's motion, Morrow filed his Motion to Stay.  Morrow asks the Court to "stay the proceedings in this case pending the outcome of [the] parallel criminal case" against him.  ([190] at 1).  He claims he "may need to invoke his Fifth Amendment rights in the instant case to preserve his Fifth Amendment rights in the criminal case."  ([190] at 1).  On January 10, 2017, the Receiver filed his response to Morrow's motion, stating he does not oppose the requested stay "as long as it does not delay, impede, or otherwise affect the Receiver's work."  ([191] at 1).  On January 30, 2017, the SEC untimely filed its response to Morrow's motion, opposing the requested stay on the grounds that "a delay of the SEC's case avails the Defendant nothing while prejudicing the SEC and the public interest."  ([193] at 2); see LR 7.1(B), NDGa (requiring responses to

be filed "not later than fourteen (14) days after service of the motion").[1] Morrow's criminal case is set for trial on July 24, 2017. U.S. v Alleca, ECF No. 64.

## II. DISCUSSION

"[T]he mere existence of parallel criminal and civil proceedings does not compel stay of the civil proceeding." Love v. City of Lanett, No. 3:09-cv-622, 2009 WL 2525371, at *1 (M.D. Ala. Aug. 17, 2009); see United States v. Lot 5, Fox Grove, Alachua Cty., Fla., 23 F.3d 359, 364 (11th Cir. 1994) ("[A] court must stay a civil proceeding pending resolution of a related criminal prosecution only when special circumstances so require in the interests of justice."). "The District Court has broad discretion," however, "to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997).

The Court finds that a limited stay is appropriate in this action. The criminal indictment charges Morrow with "essentially the same misconduct that [is] alleged in the Complaint." ([193] at 3); see Love, 2009 WL 2525371, at *2 ("[T]he similarity of issues in the underlying civil and criminal actions is considered the most important threshold issue in determining whether to grant a stay."); see also Sec. & Exch. Comm'n v. Dresser Indus., Inc., 628 F.2d 1368, 1375–76 (D.C. Cir. 1980) ("[T]he strongest case for deferring civil proceedings until after completion

---

[1] The SEC has not explained the untimeliness of its response.

of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter."). The overlap between the criminal case and the civil case threatens to "undermine [Morrow's] Fifth Amendment privilege against self-incrimination," "expose the basis of the defense to the prosecution in advance of criminal trial," or "otherwise prejudice the case." Dresser Indus., 628 F.2d at 1376.  These concerns are heightened in view of Morrow's *pro se* status in this action.  (See [81]).  Only a brief stay is required because Morrow's criminal trial is set for July 24, 2017, approximately four months from now.  There is no material harm to the public interest given the brevity of the stay, the Court's prior authorization of distributions from the receivership, and the fact that the stay will not affect the work of the Receiver.  See S.E.C. v. Zimmerman, 854 F. Supp. 896, 898 (N.D. Ga. 1993) ("A court may be justified in ordering a stay where the delay of the non-criminal proceeding would not seriously injure the public interest.").

      This action is stayed pending completion of Morrow's criminal trial.  The parties are required to notify the Court when Morrow's criminal trial has concluded, or when the charges against Morrow otherwise are resolved.  The stay shall not affect the Receiver's work under the Order Appointing Receiver [51],

including the Receiver's distribution of assets from the receivership, as authorized previously by the Court.  (See [185]).

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Mark Morrow's Motion to Stay Proceedings Pending Outcome of Criminal Case [190] is **GRANTED**.  This action is **STAYED** pending trial of the criminal charges against Defendant Mark Morrow in U.S. v. Alleca, et al., No. 1:15-cr-458 (N.D. Ga.).  The parties shall notify the Court when the trial is completed, or when the charges against Morrow otherwise are resolved.  The stay shall not affect the Receiver's work under the Order Appointing Receiver [51], including the Receiver's distribution of assets from the receivership, as authorized previously by the Court.  (See [185]).

**SO ORDERED** this 16th day of March, 2017.

/s/ William S. Duffey
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE